20-627-cv
*Pierre v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUC R. PIERRE,

*Plaintiff-Appellant*,

-v-                                                    20-627-cv

CITY OF NEW YORK, SEUNGHWAN KIM, JAMES COX, KATHERINE REILLY, LAUREN JACOBSON, ADAM KARP and JUDITH BRUSGARD,

*Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:  K.C. OKOLI, Law Offices of K.C. Okoli, P.C., New York, New York.

FOR DEFENDANTS-APPELLEES:  ASHLEY R. GARMAN (Richard P. Dearing, Jane L. Gordon, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Luc R. Pierre, an Administrative Claims Examiner in the New York City Office of the Comptroller, appeals the district court's award of summary judgment entered January 21, 2020, dismissing his employment discrimination claims against defendants-appellants the City of New York (the "City"), Seunghwan Kim, James Cox, Katherine Reilly, Lauren Jacobson, Adam Karp, and Judith Brusgard.  By memorandum opinion and order entered January 21, 2020, the district court granted defendants' motion for summary judgment.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In his amended complaint, Pierre asserted claims for discriminatory failure to promote (based on race, national origin, and age), retaliation, and hostile work environment, pursuant to 42 U.S.C. §§ 1981 and 1983 and the New York City Human

2

Rights Law (the "NYCHRL"), against all defendants. The district court dismissed all the claims. On appeal, Pierre does not challenge the dismissal of (1) his municipal liability[1] or official capacity claims, (2) his Section 1981 claims, or (3) his hostile work environment and retaliation claims to the extent they are based on Section 1983. Hence, we consider these claims waived, *see Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001), and we consider only (1) his failure to promote claim under Section 1983 and (2) his failure to promote, retaliation, and hostile work environment claims under the NYCHRL.

We review a summary judgment award *de novo*, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Matthews v. City of N.Y.*, 779 F.3d 167, 171-72 (2d Cir. 2015). At the same time, "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist," nor can "mere speculation or conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted).

---

[1] It is unclear whether Pierre's municipal liability claim sounded under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), or in *respondeat superior* under the NYCHRL. We need not pursue that matter because Pierre fails to raise any argument regarding this claim on appeal.

Based on our independent review of the record and the relevant case law, we affirm, substantially for the reasons set forth by the district court in its thorough decision. We add only the following.

As to the failure to promote claim under Section 1983, even assuming Pierre was qualified for the two positions in question, he failed to present evidence from which a reasonable jury could find that defendants' stated reasons for not promoting him -- that the two successful candidates were more qualified than he was and gave better interviews than he did -- were pretextual or that his race, national origin, or age was a motivating factor in their promotion decisions. A reasonable jury could only find that both successful candidates had substantially more experience in the relevant areas than he did and were more enthusiastic about the positions in question than he was. Indeed, Pierre admitted -- during his first interview -- that unlike others in the division, he did not view the position of division chief as the "passion of [his] life," instead viewing it as a launching pad for further promotion.

The only evidence of a discriminatory motive offered by Pierre was a comment attributed to Kim to the effect that Kim wanted to get rid of the "Black guy" in the division "because he was making too much money." App'x at 777. Even assuming the comment was made, the district court carefully analyzed the circumstances and context, and correctly concluded that the comment -- made a year before the promotion

4

process was opened and in the absence of any other indicia of discrimination -- was a stray remark insufficient to raise an issue of fact for trial.

As to the NYCHRL claims, the district court separately analyzed the claims under the more liberal standards applicable to those claims. As we have held, "[a] plaintiff need only show that [his] employer treated [him] less well, at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013). Nonetheless, we have previously noted that summary judgment still can be an appropriate mechanism for resolving NYCHRL claims. *See id.* at 111. Substantially for the reasons given by the district court, we conclude that the district court's award of summary judgment to defendants on Pierre's NYCHRL claims was proper here.

Finally, Pierre argues that the district court should have declined jurisdiction over the NYCHRL claims, once it granted summary judgment to defendants on all of Pierre's federal claims. The doctrine of pendent jurisdiction, however, "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values," to "best accommodate the values of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 351 (1988). Here, Pierre's state-law claims derived from a "common nucleus of operative fact" as his federal-law claims, and the district court was well within its discretion to consider these claims after

supervising the case for more than two years. *Id.* at 349 (internal quotation marks omitted).

* * *

We have considered Pierre's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk